JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion, but not with its method of arrival.
I disagree with the majority’s conclusion that our decision in Department of Revenue v. Barron (1990), 245 Mont. 100, 799 P.2d 533, did not bar refunds for taxpayers like the plaintiffs who chose to proceed pursuant to §§ 15-1-406 and 15-2-307, MCA (1989).
In language with which I strongly disagree, this Court made very clear that while the appraisal method provided for in House Bill 703 was unconstitutional, its ruling would be applied prospectively except for taxpayers who had objected to the assessment by administrative appeal pursuant to § 15-15-102, MCA (1989).
In language that could not be more clear, this Court held that:
Because of the statewide effect of this decision, because of the short period of time remaining for state and county offices to perform their duties in connection with the collection of property taxes for the year 1990, and the extenuating exigencies which would otherwise be created by an immediate effect of this decision, we hereby delay the effective date of this decision, and make its effect prospective only to December 31,1991, except for those cases now pending on appeal, or properly appealed by the property owners. (This means those cases heretofore appealed within the time provided for taxpayer appeals at the local or state level and now pending on the grounds of unconstitutionality found to exist in this proceeding, and includes those previously appealed on those grounds and denied at the county or state level; but, no other appeals on the grounds covered herein shall be recognized.) The effect of this prospective stay is that as to all property affected by the stratified sales assessment ratio studies, except those herein stated, the values for tax purposes for the tax year 1990 shall be those found and applied by the DOR under said studies. [Emphasis added].
Barron, 799 P.2d at 542.
The taxpayers who brought this action had not commenced administrative appeals at the time of this Court’s decision in Barron. They clearly were among that class of people whose property values for tax purposes during the year 1990 were to be based, according to our opinion, on the stratified sales assessment ratio studies.
*174 However, I would reverse that part of the Barron decision which limited the constitutional protection afforded by that decision to those taxpayers identified in that decision.
By affording the protection of our Constitution to those who challenged the DOR’s method of assessment pursuant to one statutorily authorized procedure, and denying the Constitution’s protection to those who chose to challenge the same assessment method by an equally valid statutory procedure, I conclude that the above quoted portion of the Barron decision denied the plaintiffs in this case full legal redress in violation of Article II, Section 16, of the Montana Constitution, denied them due process in violation of Article II, Section 17, of the Montana Constitution, and denied them equal protection of the law in violation of Article II, Section 4, of the Montana Constitution.
Furthermore, by its “selective prospective” application of our constitutional protections, this Court, in Barron, violated the principles for application of constitutional law set forth by the United States Supreme Court in James B. Beam Distilling Company v. Georgia (1991), 111 S. Ct. 2439, 115 L. Ed. 2d 481.
The DOR’s position on appeal is that we can afford the protection of Montana’s constitutional rights to those who seek enforcement of those rights by one allowable statutory method, and deny those same rights to people who seek their protection through an equally allowable, but different, statutory method. This argument exalts form over substance, and if accepted, would make a sham of the Constitution, which must prevail over all statutory enactments. The fundamental fault with the Barron decision is the notion that constitutional rights can be selectively applied. Those rights belong to everyone by virtue of their citizenship in the State of Montana.
Therefore, while I concur in the result of the majority opinion, I disagree with its reasoning. I would reverse that part of the Barron decision which made its application prospective except for those people who had filed appeals through the administrative process, and would hold, as we are required to by the U.S. Supreme Court’s decision in James B. Beam, 111 S. Ct. at 2448, that “when the court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata.”